Grant H. Lawson WSB #6-4260
Joseph P. Chenchar WSB #7-5576
Metier Law Firm, LLC
259 South Center St. Suite 313
Casper, WY  82601
Mailing Address:
4828 S. College Ave.
Fort Collins, Co 80525
(307)-237-3800 Office
(970) 225-1476 Fax
grant@metierlaw.com
joe@metierlaw.com

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| BRODY THARP | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| CENTRAL OREGON TRUCK | )   Case No. |
| COMPANY, an Oregon Limited Liability | ) |
| Company F/K/A CENTRAL OREGON | ) |
| TRUCK COMPANY, INC., AARON | ) |
| BURR, an individual, and | ) |
| JOHN DOE COMPANIES I-IV; | ) |
| | ) |
| Defendants. | ) |

## COMPLAINT AND JURY DEMAND

**COMES NOW**, Plaintiff, by and through his undersigned attorneys, and for his Complaint against the Defendants listed above, state and allege as follows:

### PARTIES

1. Plaintiff, Brody Tharp, is and was at all times relevant hereto, a resident of Hyattville, Big Horn County, Wyoming.

2. Defendant, Central Oregon Truck Company, LLC, is a limited liability company organized and existing under the laws of the State of Oregon with its principal place of business

at 394 NE Hemlock Avenue, Redmond, OR 97756.

3.      At all times relevant hereto, Defendant Central Oregon Truck Company, LLC was an Oregon Corporation. On January 19, 2022, Defendant Central Oregon Truck Company, Inc. (hereinafter "Defendant Central Oregon") filed Articles of Conversion with the Oregon Secretary of State, converting from an Oregon Corporation to an Oregon Limited Liability Company. Thus, at all times relevant to the incident underlying this Complaint, Defendant Central Oregon was an Oregon Corporation and a citizen of the State of Oregon.

4.      At all times relevant hereto, Defendant Central Oregon was an interstate motor carrier authorized by the U.S. Department of Transportation to operate commercial motor vehicles transporting property in interstate commerce for profit throughout the United States, including the State of Wyoming, with the USDOT # 285565, MC # 197839.

5.      Defendant Central Oregon is a for-hire motor carrier operating a commercial motor vehicle, a tractor trailer, while transporting property in interstate commerce at the time of the Subject Crash.

6.      Defendant Central Oregon has consented to jurisdiction in the State of Wyoming and may be served through its appointed statutory BOC-3 agent for service of process, 1+49 Process Agents LLC, Donald Miller, 408 West 23rd Street, Cheyenne WY, 82001, as required by 49 C.F.R. § 366.

7.      Upon information and belief, Defendant Aaron Burr (hereinafter "Defendant Burr") is and was at all times relevant to this Complaint, a resident and domiciliary of 1106 Elm Street, Wood River, Nebraska.

8.      On information and belief, at all times relevant hereto, Aaron Burr was a servant, agent, and statutory employee of Defendant Central Oregon, and at all times relevant hereto was

acting within the course and scope of his statutory employment for Defendant Central Oregon and in furtherance of said employer's business.

## JURISDICTION AND VENUE

9. *Subject Matter Jurisdiction.* Jurisdiction is based on diversity of citizenship pursuant to 28 U.S.C. § 1332. The amount in controversy is substantially in excess of Seventy-Five Thousand Dollars ($75,000.00), exclusive of interest and costs, and the parties are citizens of different states.

10. *Venue.* Pursuant to 28 U.S.C. § 1391(b)(2), an action may be brought in a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred. The acts and omissions alleged in this complaint occurred in Wyoming.

## GENERAL ALLEGATIONS

11. All allegations and causes of action in this Complaint, pled above and below, are incorporated into these claims for relief by reference.

12. Upon information and belief, on June 19, 2020, Aaron Burr was employed or was the statutory employee pursuant to the Federal Motor Carrier Safety Regulations or agent of Defendant Central Oregon as a commercial motor vehicle (CMV) driver.

13. Upon information and belief, at all times relevant hereto Aaron Burr was acting within the course and scope of his statutory employment for Defendant Central Oregon and in furtherance of Central Oregon's business. As a result, Defendant Central Oregon is personally liable for all independent negligent, reckless, willful, wanton and/or intentional acts and is vicariously liable for all negligent, reckless, willful, wanton, and/or intentional acts committed by its employee, Aaron Burr, in the course and scope of his statutory employment and for the serious injuries to Plaintiff and damages suffered by Plaintiff.

14. On June 19, 2020, Aaron Burr was driving a green 2021 Kenworth cab behind engine, VIN 1XKYDP9XEMJ4211571, License Plate Oregon YAJH120, towing a 2016 Reuter Flat Bed semitrailer, VIN 1RNF48A26XGR03605.

15. Defendant Central Oregon owned the 2021 Kenworth driven by Driver Aaron Burr at the time of the crash and the 2016 Rueter Flat Bed semitrailer (hereinafter the "CMV" or the "Central Oregon CMV," interchangeably).

16. Upon information and belief, Defendant Central Oregon provided the Central Oregon CMV to Aaron Burr to use in the regular course and scope of his employment.

17. Aaron Burr was operating the 2021 Kenworth under Defendant Central Oregon's operating authority under the USDOT (USDOT #197839) and Federal Motor Carrier Safety Administration (MC #197839).

18. Upon information and belief, Aaron Burr was operating the Central Oregon CMV under the authority of a Nebraska State Commercial Driver's License.

19. On June 19, 2020, Plaintiff Brody Tharp was driving a 1998 Honda CR-V, VIN JHLRD1843WC080803, license plate WY-9P7243.

## CRASH

20. All allegations and causes of action in this Complaint, pled above and below, are incorporated into these claims for relief by reference.

21. On June 19, 2020, at approximately 5:25 P.M., Plaintiff Brody Tharp and Defendant Aaron Burr were involved in a motor vehicle incident on US Highway 16, near mile-marker 30.573, in Washakie County, Wyoming, at approximately 44.059839 latitude, 107.3861464 longitude (hereinafter referred to as the "Subject Crash").

22. On the day of the Subject Crash, the road's surface was dry and the weather was

clear with a temperature of approximately 53 degrees Fahrenheit.

23.  US Highway 16 is a two-lane highway, and the Subject Crash occurred near a tight curve in the road with reduced visibility due to a rock formation and grown vegetation along the south side of the road.

24.  Both the Eastbound and Westbound emergency lanes are narrow on US Highway 16, and some areas have only about two feet of width.

25.  In the Subject Crash three vehicles met at tight curve in the road – the Plaintiff's Honda CR-V, the Defendant's CMV and a bicyclist.

26.  On the day of the Subject Crash, Aaron Burr was operating the Central Oregon CMV heading eastbound on US Highway 16.

27.  On the day of the Subject Crash, Plaintiff Brody Tharp was driving his Honda CR-V westbound after visiting a nearby fish hatchery with his friend, Holden Truman.

28.  On the day of the Subject Crash, an unknown bicyclist was riding their bicycle along the shoulder of the eastbound lane of travel on US Highway 16.

29.  As Aaron Burr operated the Central Oregon CMV eastbound along the curve of the road near Mile Marker 30.5, he came upon the bicyclist and attempted to pass them in a no-passing zone, crossing over the double yellow line in violation of numerous Federal Motor Carrier Safety Regulations, Commercial Driver's License requirements, and Wyoming Statutes.

30.  Aaron Burr entered the westbound lane of travel in order to pass the bicyclist in a section of highway with no passing allowed, with no visibility for oncoming traffic to observe.

31.  Instead of slowing and taking reasonable steps to protect the traveling public, including the Plaintiff, Defendant Burr acted negligently and/or recklessly in crossing the double yellow line into oncoming traffic.

32. Meanwhile, Plaintiff Brody Tharp was operating his Honda CR-V at approximately 55 miles per hour in the westbound lane of travel.

33. In an immediate and reactive response to Aaron Burr crossing into the Plaintiff's lane of travel, Plaintiff Tharp was forced to move his vehicle off to the shoulder to avoid Aaron Burr's CMV.

34. Plaintiff Tharp lost control of his vehicle after veering out of the Central Oregon CMV's path of travel, sending his vehicle back onto the roadway in a passenger broadside slide.

35. Plaintiff Tharp's vehicle slid across both lanes of travel and entered the south borrow ditch sideways.

36. Plaintiff's vehicle rolled an unknown number of times, crossing the right of way fence in its path of travel.

37. Plaintiff Tharp was ejected from his vehicle during the course of the crash.

38. The sequence of events in the crash is depicted by Wyoming Highway Patrol below:



Page 6 of 17

39. A witness to the crash, Mr. Kevin Otto, was eastbound in a rented RV behind Aaron Burr's Central Oregon CMV.

40. Mr. Otto stated he saw Plaintiff's vehicle lose control and cross the roadway in front of him.

41. Mr. Otto stated he saw Plaintiff's vehicle roll over and witnessed the Plaintiff be ejected approximately 80 feet through the air.

42. Mr. Otto and his son stopped and called 911 and rendered assistance to the Plaintiff.

43. Aaron Burr did not stop to render aid to Plaintiff Tharp and instead kept traveling eastbound until he was finally pulled over by law enforcement at mile marker 82, some 52 miles from the crash.

44. Aaron Burr was tracked down by the Wyoming Highway Patrol and cited for leaving the scene of an accident resulting in bodily injury, passing in a no passing zone, and reckless driving.

45. Plaintiff Tharp suffered severe injuries to his right leg and was transported by ambulance to Worland and he was later airlifted to Billings, Montana that same evening.

46. As a result of the crash, Plaintiff Brody Tharp suffered serious, debilitating, and permanent physical and psychological injuries.

47. Upon information and belief, at the time of the crash, the Wyoming Department of Transportation featured the following information on their website about the stretch of US 16 where the underlying incident occurred as recorded by the Wyoming Highway Patrol's investigation:

> **US Hwy 16 from Buffalo to Ten Sleep:**
>
> "There are sharp hairpin turns, long up-hill climbs, steep downhill runs, and blind corners on this two-lane highway."

> "While beautiful and probably the easiest mountain drive in the northern part of Wyoming, it is not a good route for oversize and over-length loads. Unless you are experienced in mountain road driving, it is not advisable for 18-wheelers."

48. Upon information and belief, there are other safer routes more suitable for 18-wheelers than the canyon and mountainous route of US 16 that Defendant Central Oregon could have selected for the CMV operated by Driver Burr.

## DUTIES

49. All allegations and causes of action in this Complaint, pled above and below, are incorporated into these claims for relief by reference.

50. Defendant Central Oregon had a duty to supervise and ensure that its employee truck drivers were properly screened, licensed, and trained to drive safely and abide by all applicable Federal and State laws and regulations.

51. Defendant Central Oregon had a duty to the public to avoid knowingly placing their commercial truck drivers in hazardous or unsafe conditions which would pose a foreseeable risk of serious injury to members of the public, such as the winding, narrow and mountainous stretch of US 16 that Driver Burr was operating the Central Oregon CMV on at the time of the subject crash.

52. Defendant Central Oregon, as an interstate carrier, is subject to the laws, rules, and regulations set forth in the Federal Motor Carrier Safety Act.

53. Upon information and belief, Driver Burr acted in accordance with his training, supervision and instructions he received from his employer, or the lack thereof, and that his actions and the manner of doing his actions, which led or contributed to the subject crash, were authorized and approved by Defendant Central Oregon.

54. Defendant Burr had a duty to comply with the Commercial Driver's License Manual for the State of Nebraska, the Federal Motor Carrier Safety Regulations, and the Wyoming Statutes.

55. Defendant Burr failed to comply with the requirements of his Nebraska Commercial Driver's License, the FMCSR's and Wyoming State Statutes, to keep a proper lookout, recognize hazardous conditions, aggressive driving, to keep a safe stopping distance, maintain his lane of travel, safe travel in mountainous and curving roads, and by recklessly driving.

56. Defendant Central Oregon also had a duty to hire, train and supervise their drivers, including Aaron Burr in a reasonably prudent manner. Driver Burr's actions to drive the tractor-trailer on a narrow canyon road, when safer options were available, and to cross over the double yellow line into oncoming traffic demonstrate a breach of Central Oregon's duties to train and supervise their drivers to ensure they drive in a reasonably prudent manner and to act in accordance with all applicable safety rules, regulations and requirements.

**FIRST CAUSE OF ACTION**
*(Negligence – Aaron Burr)*

57. Plaintiff incorporates, by reference, all prior paragraphs of this Complaint as if fully set forth herein.

58. Defendant Burr had a duty of reasonable care owed to Plaintiff and other members of the public to safely and properly operate his commercial motor vehicle.

59. Defendant Burr failed to drive safely at the time of the crash, keep a proper lookout, maintain his lane of travel, and yield to other traffic.

60. Defendant Burr failed to drive safely and prudently and crossed over into Plaintiff Brody Tharp's lane on a two-lane highway in a no passing zone, setting off the chain of events resulting in Plaintiff Tharp's injuries.

61. Defendant Burr's acts and omissions in crossing into oncoming traffic in a no passing zone on a mountainous, partially blind curve, and failing to slow down and yield, constitute an extreme departure from the reasonableness expected and required by professional drivers with a commercial drivers' license.

62. Defendant Burr, through his negligent, careless, reckless and wrongful acts and omissions, violated applicable, codes, ordinances, regulations and/or statutes of the State of Wyoming or the United States including, but not limited to, the following:

   a. Wyo. Stat. § 31-5-1101(a) (Leaving the Scene of a Crash with Death or Serious Injuries);

   b. Wyo. Stat. § 31-5-207(a) (Passing in a No Passing Zone);

   c. Wyo. Stat. § 31-5-229 (Reckless Driving).

63. Defendant Burr, through his negligent, careless, reckless, and wrongful acts and omissions, violated applicable requirements and rules under his Nebraska Commercial Driver's License, including, but not limited to, the following:

   a. Nebraska CDL Manual, Section 2.4 – Seeing

   b. Nebraska CDL Manual, Section 2.4.1 – Seeing Ahead

   c. Nebraska CDL Manual, Section 2.6 – Controlling Speed

   d. Nebraska CDL Manual, Section 2.7 – Managing Space

   e. Nebraska CDL Manual, Section 2.7.1 – Space Ahead

   f. Nebraska CDL Manual, Section 2.7.3 – Space to the Sides

   g. Nebraska CDL Manual, Section 2.8.1 – Importance of Seeing Hazards

   h. Nebraska CDL Manual, Section 2.8.3 – Drivers Who Are Hazards

   i. Nebraska CDL Manual, Section 2.8.4 – Always Have a Plan

       j.   Nebraska CDL Manual, Section 2.10 – Aggressive Driving

64.    Defendant Burr, through his negligent, careless, reckless, and wrongful acts and omissions, violated applicable Federal Motor Carrier Safety Regulations, including, but not limited to, the following:

      a.   49 C.F.R. § 383.111 – Required Knowledge, which sets forth the knowledge all CMV operators must have, including, but not limited to safe driving, visual search, speed management, space management and hazard perceptions.

      b.   Applicable sections within 49 C.F.R. Part 392.

65.    The purpose of the aforementioned codes, ordinances, regulations and statutes was to protect against the type of injuries and damages Plaintiff sustained as a result of this incident.

66.    Plaintiff was a member of the group of persons that the aforementioned codes, ordinances, regulations and/or statutes were intended to protect.

67.    Consequently, Defendant's conduct complained of herein constitutes negligence.

68.    As a direct and proximate result of Defendant Burr's negligence and reckless acts and omissions, Plaintiff Brody Tharp suffered and continues to suffer severe and permanent personal injuries, damages, and losses as more particularly set forth below in the section of this Complaint entitled "DAMAGES."

**SECOND CAUSE OF ACTION**
*(Vicarious Liability – Central Oregon, LLC)*

69.    Plaintiff incorporates, by reference, all prior paragraphs of this Complaint as if fully set forth herein.

70.    Upon information and belief, Defendant Burr was an employee, agent, or statutory employee of Defendant Central Oregon at all times relevant to the facts and allegations in this complaint.

71. Upon information and belief, Defendant Central Oregon was acting as employer, principal and statutory employer of Defendant Burr at the time of the subject crash.

72. Defendant Burr was acting within the course and scope of his employment and/or statutory employment at the time of the subject crash.

73. By virtue of Defendant Burr being an employee, agent, or statutory employee of Defendant Central Oregon, and because he was acting within the scope of his employment at the time of the crash, the acts and omissions of Defendant Burr are deemed to be the acts and omissions of Defendant Central Oregon under the doctrine of *Respondeat Superior*.

74. Consequently, Defendant Central Oregon is liable for the acts and omissions of Defendant Burr and for Plaintiff's resulting injuries and damages as set forth in this Complaint.

75. Further, upon information and belief, Defendant Central Oregon is vicariously liable for the reckless, willful and wanton conduct of its employee Defendant Burr for its own independent acts of negligence and reckless conduct in authorizing the unsafe driving, hiring, training, supervising and retaining Defendant Burr, and ratifying and approving of Defendant's Burr's reckless conduct

## THIRD CAUSE OF ACTION
*(Negligent Hiring, Retention, Supervision and Training – Central Oregon, LLC)*

76. Plaintiff incorporates, by reference, all prior paragraphs of this Complaint as if fully set forth herein.

77. Defendant Central Oregon had a duty of reasonable care owed to Plaintiff and other members of the public:

   a. to hire competent, qualified, and safe employees;

   b. to properly supervise and direct its employees in the operation of their jobs;

   c. to properly train its employees;

    d. to provide safe and effective equipment which permits employees to safely operate on the roadways; and

    e. to monitor road and weather conditions and to timely alert their drivers to allow them to reroute or suspend travel to avoid hazardous road and weather conditions.

78. Upon information and belief, Defendant Central Oregon breached its above mentioned duties by failing to exercise reasonable care in the hiring, supervision, direction, equipment, and training of Defendant Burr, specifically including but not limited to:

    a. Willfully, wantonly, knowingly, and recklessly failing to properly supervise and reroute its Driver to avoid a portion of the highway not well-suited to commercial motor vehicles;

    b. Failing to properly train its employees to avoid hazardous and unsafe roads and to abide by all laws, regulations and industry standards for the safe operation of commercial motor vehicles on public highways, including, specifically, safe and proper procedure for passing a cyclist along the road shoulder and not to cross double-yellow lines;

    c. Failing to reroute their employee to avoid a hazardous road when operating a commercial motor vehicle on the road created an additional hazard and foreseeable risk of injury to its employees and members of the public.

    d. Violating 49 C.F.R. § 390.3 – General applicability, which requires "(e) Knowledge of and compliance with the regulations. (1) Every employer shall be knowledgeable of and comply with all regulations contained in this subchapter that are applicable to that motor carrier's operations. (2) Every

driver and employee involved in motor carrier operations shall be instructed regarding, and shall comply with, all applicable regulations contained in this subchapter." 49 C.F.R. § 390.3.

  e. Violating 49 C.F.R. § 390.11 – Motor carrier to require observance of driver regulations, which requires: "[w]henever in part 325 of subchapter A or in this subchapter a duty is prescribed for a driver or a prohibition is imposed on the driver, it shall be the duty of the motor carrier to require observance of such duty or prohibition. If the motor carrier is a driver, the driver shall likewise be bound." 49 C.F.R. § 390.11.

79. Defendant Central Oregon's actions and omissions in failing to properly train, direct, supervise, and route its employees were the proximate cause of injuries, losses, and damages suffered by the Plaintiff.

80. As a direct and proximate result of Defendant Central Oregon's negligent hiring, supervision, direction, and training of Defendant Burr, Defendant Central Oregon is vicariously liable for the reckless, willful, wanton conduct of Defendant Burr in his operation of his commercial motor vehicle.

81. As a direct and proximate result of Defendant Central Oregon's negligent hiring, supervision, direction and training, Plaintiff suffered and continues to suffer severe and permanent personal injuries, damages, and losses as more particularly set forth in this Complaint, and therefore Defendant is subject to punitive damages for its negligent acts and omission which subjects the Defendant to vicarious liability for the reckless, willful, and/or wanton conduct of its employee Defendant Burr.

## FOURTH CAUSE OF ACTION
### *(Negligent Entrustment of Defendant Central Oregon)*

82. Plaintiff incorporates, by reference, all prior paragraphs of this Complaint as if fully set forth herein.

83. As the registered owner of the Central Oregon CMV, Defendant Central Oregon had a duty to ensure any driver of the truck was properly qualified and licensed to safely operate the truck on public highways.

84. As the registered owner of the Central Oregon CMV, Defendant Central Oregon negligently entrusted the truck to Defendant Burr by knowingly permitting the operation of the truck on public highways by a driver, who, was neither trained nor qualified to safely operate a commercial motor vehicle on mountainous highways.

85. Defendant Central Oregon's conduct of knowingly permitting the operation of the Central Oregon CMV on public highways by a driver who was neither adequately trained, nor qualified to safely operate a commercial motor vehicle on mountainous highways was reckless.

86. Defendant Central Oregon's conduct of entrusting the Central Oregon CMV in the hands of Defendant Burr, who was neither adequately trained nor qualified to operate a commercial motor vehicle on Wyoming's mountainous highways was a cause of the crash that caused Plaintiff's damages as more fully set forth in this Complaint.

## DAMAGES

87. Plaintiff re-alleges and incorporates by reference all statements and allegations contained in the numbered paragraphs above and further allege as follows:

88. As a direct and proximate result of the negligent, and/or reckless, willful, wanton conduct by all Defendants, Plaintiff Brody Tharp suffered severe injuries, losses and harms.

89. Plaintiff Brody Tharp is entitled to collect the following damages:

(a) Pain, suffering and emotional distress, past and future;

(b) Loss of earnings and earning capacity, past and future;

(c) Loss of enjoyment of life, past and future;

(d) Medical expenses, past and future, including the cost of care, which can reasonably be expected to be incurred in the future in an amount to be set forth at trial;

(e) Disability and disfigurement;

(f) Exemplary damages for as a result of the reckless, willful, and wanton acts and omissions of the Defendants.

(g) Costs of this action, interest and such other damages as are fair and just.

## JURY DEMAND

Plaintiff hereby demands a six-person jury trial on all issues triable to a jury by filing this action in conjunction with the requisite fee.

**WHEREFORE,** Plaintiff respectfully requests monetary damages in an amount to fairly and justly compensate him for past and future injuries and damages, and interest as otherwise allowed by Wyoming law; court costs; costs; expert witness fees; deposition expenses; attorney fees, if applicable; punitive damages; and, for such other and further relief as the Court may deem just and proper.

Respectfully submitted this 17th day of November, 2023.

**BRODY THARP, Plaintiff**

 /s/   Grant H. Lawson
Grant H. Lawson WSB #6-4260
Joseph P. Chenchar WSB #7-5576
Metier Law Firm, LLC
Mailing Address:
4828 S. College Ave.

>Fort Collins, Co 80525
>(307)-237-3800 Office
>(970) 225-1476 Fax
>grant@metierlaw.com
>joe@metierlaw.com